HEISS, Appellant, vs. THE MILWAUKEE & LAKE WINNEBAGO RAILROAD COMPANY, Respondent.

*October 13 — November 1, 1887.*

*Compensation for land taken by railroad company: Proceedings by owner.*

To entitle a land-owner to compensation from a railroad company for consequential injury to his land by the location and operation of its road, as for a taking thereof, there must be an actual taking or physical interference with some portion of it. One whose land on the east side of a street extends only to the center of such street, cannot maintain a proceeding for condemnation and assessment of his damages, against a railroad company whose track is wholly on the other half of the street and whose embankment does not reach his outer line, though its location there lessens the value of his property, interferes with his enjoyment of the street, and renders access to his land more difficult, and in order to raise his side of the street to the same grade and restore the street to its former usefulness, it would be necessary for the company to enter thereon.

APPEAL from the Circuit Court for *Winnebago* County. This is a proceeding by a land-owner to have her premises condemned for the use of the railroad company, respondent herein, for its right of way, and to have commissioners appointed to appraise her damages. The facts sufficiently

appear in the opinion. The petitioner appeals from an order denying her application.

For the appellant there was a brief by *Jackson & Thompson*, and oral argument by *H. B. Jackson*. They contended that it is the imperative duty of the railroad company, under sec. 1836, R. S., to restore the east half of the street to its former usefulness, and it cannot do that without from time to time entering upon plaintiff's land, and imposing upon it a new burden. That is a taking for which she is entitled to compensation. *Buchner v. Chi., M. & N. R. R. Co.* 56 Wis. 417; *Hobart v. Mil. City R. Co.* 27 id. 194, 200; *Hanlin v. Chi. & N. W. R. Co.* 61 id. 515–528. The petitioner's right of ingress to and egress from her lot is a property right, for the impairment or destruction of which she is entitled to compensation. *Cincinnati, etc. Street Railway v. Cumminsville*, 14 Ohio St. 523; *Gilman v. Milwaukee*, 55 Wis. 335; *Brakken v. Minn. & St. L. R. Co.* 29 Minn. 41; *Yates v. Milwaukee*, 10 Wall. 497; *Chapman v. Oshkosh & M. R. Co.* 33 Wis. 629; *Haynes v. Thomas*, 7 Ind. 38; *Tate v. Ohio & M. R. Co.* id. 480; *Park v. C. & S. W. R. Co.* 43 Iowa, 636; *Crawford v. Delawne*, 7 Ohio St. 459; *Rensselaer v. Leopold*, 106 Ind. 29; *Redinger v. Marquette & W. R. Co.* 28 N. W. Rep. (Mich.) 775; *Newell v. Minneapolis, L. & M. R. Co.* 35 Minn. 112; *McClean v. Chi., I. & D. R. Co.* 67 Iowa, 568; *Denver v. Bayer*, 7 Colo. 113; *Rigney v. Chicago*, 102 Ill. 64; *Gray v. F. D., St. P. & P. R. Co.* 13 Minn. 315; *Story v. N. Y. & E. R. Co.* 90 N. Y. 122; *Goodall v. Milwaukee*, 5 Wis. 38–45; *Lahr v. Metr. El. R. Co.* 104 N. Y. 268; *Hanlin v. Chi. & N. W. R. Co.* 61 Wis. 530; *Railroad Co. v. Schurmier*, 7 Wall. 272; *Hobart v. M. C. R. Co.* 27 Wis. 194, 200; *Williams v. Smith*, 22 id. 594, 601; *Florida S. R. Co. v. Brown*, 1 South. L. R. (Fla.) 512.

For the respondent there was a brief by *Howard Morris* and *D. S. Wegg*, and oral argument by *Mr. Wegg*.

COLE, C. J. The appellant, *Carrie Heiss*, is the owner of certain lots in the city of Oshkosh abutting on the west upon the east side of Division street. The respondent railroad company, in the year 1882, constructed its line of railway along Division street opposite her lots; the track of the road-bed being wholly on the westerly half of the street. The road-bed where it passes the lots of the appellant is raised above the ordinary grade of Division street about fifteen inches, but it does not touch the center line of the street by about two inches. The east half of Division street at this point has been left, and is nearly at the same grade it was before the construction of the road, and is fifteen inches lower than the railroad track. The entire width of Division street in front of appellant's premises is fifty feet, and is the only highway from which she can pass with teams to her premises. The width of the street from the railroad embankment to the gutter on the east side thereof is about seventeen feet. The circuit court found that the appellant's use of the strip of the street east of the embankment was materially impaired and injured by the construction of the road-bed; that her means of ingress and egress to her premises were much less valuable than they were before the road was built, and were much less valuable than they would be if the railroad was not upon the street. The court further found that Division street, in front of the appellant's premises, had not been restored to its former state, or to such condition that its usefulness was not materially impaired; that her right to the use of the street as the owner of abutting lots was materially impaired and destroyed by the construction and maintenance of the railroad, and by the failure of the company to restore the street to its former state or condition. The court also found that in order to restore the street to its former condition so that its usefulness would not be materially impaired it was necessary for the company to enter upon the east half of

Division street, and upon that part thereof of which the appellant had the title in fee, and to fill in and upon the same an embankment not less than fifteen inches in height, and thereafter maintain the same at that height; that it was impossible to restore the street without thus entering upon her premises.

These are the material facts upon which this proceeding instituted by the appellant for condemnation and appraisement of her damages rests and must be sustained. The question is, do they present a case for condemnation proceedings? The circuit court held they did not, because no property of the appellant had been taken by the company. It is very obvious that the railroad company had not in any way taken or appropriated the appellant's land for the use of its road, nor does it propose doing so. It has merely constructed its road-bed along the public street where it had express authority under the statute to construct it, and has not even touched or invaded the appellant's property. We apprehend the learned counsel for the appellant would not contend if there were no street there that the company had not the right to construct its road in the manner it did, nor would he claim that in thus constructing it there had been a taking of the appellant's property for public use within the meaning of the constitution. True, the road-bed or embankment comes near to her west line,— produces, if you please, indirect or consequential damages, but it does not touch her property. So it is plain, as it appears to us, that there has been no taking or appropriation of any part of the appellant's land by the company for the use of its road. Says Mr. Sedgwick, in his work on the Construction of Statutory and Constitutional Law, p. 455, note *a:* "To constitute the taking spoken of in the constitutions of most of the states, there must be some actual, direct, physical interference with the property, or some part thereof. It is not necessary that the owner should be divested of all estate

in the whole or any part of the particular piece of property; nor that exclusive possession of the whole nor of any part thereof should be acquired as against him; but there must be some direct and physical interference with some part of the particular piece of property in question. As a consequence of this doctrine, indirect and consequential injuries to property, depreciations in value, and the like, unaccompanied by any direct physical interference, do not constitute the taking."

The law is well settled in this state that if there is the required physical interference with, or taking of some portion of a given piece or tract, the owner is entitled, as a part of his compensation for that taking, to damages, for the resulting consequential injury to the rest of the piece or tract. Many cases could be cited from our reports where this doctrine is recognized and applied. But it is apparent that the case at bar does not come within that principle, for the reason already given that there has been no taking of any portion of the appellant's lots. The case of *Chapman v. O. & M. R. Co.* 33 Wis. 629, goes upon the rule of law above announced. There was a direct physical interference with the owner's property for which damages were awarded, including the value of his riparian rights which were destroyed. In *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 403, and 60 Wis. 264, there was also an actual invasion of the plaintiff's property,— a cutting down and excavating of the street on his land so as to adjust the grade to that of the railroad track. In 56 Wis. Mr. Justice Lyon says in the opinion: " If, as in this case, the railway company, in order to perform its legal obligation to restore the highway it occupies with its track, is compelled to dig and carry away the soil of any person, thereby depreciating the value of his property, it would seem that this can be lawfully done only by the exercise of the right of eminent domain, an indispensable condition to the lawful exer-

cise of such right being that just compensation must be made to the owner of the property taken." The difference between the *Buchner Case* and this is important and radical. There property was actually taken by the company; here it is not. The appellant's estate is undisturbed; no entry whatever has been made upon her land or interference with it. Her fee extends to the center of the street, no further. The east half of the street remains in the same condition it was in before the road was constructed.

But the counsel says if the railroad company performed its legal duty of restoring the street to its former state of usefulness, it would be necessary for it to enter upon the east half of the street, and make and maintain a fill upon that part of the street of the same height as the grade of its road-bed, and that this would bring the case within the principle of the *Buchner Case*. But the answer to this position is, the company has made no such fill, and condemnation proceedings cannot be resorted to to compel the company to perform a legal duty of restoring the street. It well may be that the company has been delinquent in the discharge of that duty, but does that furnish a ground for resorting to this proceeding? The grade of streets is under the control of municipal authorities, and a private party has no right to interfere in such a matter, except under peculiar circumstances. Again, the counsel says the appellant places her claim for condemnation and compensation upon the ground that, by reason of the occupation of Division street by the railroad, her means of ingress and egress to her lots are largely cut off and destroyed, to her serious injury. But we do not understand that such consequential damages to land, by which its use and enjoyment are rendered less convenient and valuable, constitute a taking of property for public use. We have already said, that to entitle the owner to compensation for taking, there must be an actual taking or physical interference with his prop-

erty in the strict sense of the term. The case of *Hanlin v. C. & N. W. R. Co.* 61 Wis. 515, is a direct authority against the position that such consequential damages to property constitute a taking within the constitution. Indeed, we think counsel failed to find a case, either in our own reports or decisions elsewhere, which sustains his contention that a condemnation proceeding will lie for such indirect or consequential injuries.

Without extending this discussion further, we think the order of the circuit court dismissing the petition was correct, and must be affirmed.

*By the Court.*— Order affirmed.