SINNOTT, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*December 17, 1891 — January 12, 1892.*

*Railroads: Condemnation of land: What constitutes taking? Tracks laid on one side of street: Proceedings instituted by owners on opposite side: Adverse possession: Color of title: Power of board of public works to order removal of track.*

1. Prior to the enactment of ch. 255, Laws of 1889, the owner of land on one side of a street was not entitled to maintain condemnation pro-.

Sinnott vs. The Chicago & Northwestern R. Co.

ceedings by reason of the building of a railroad track along the other side of the street, wholly beyond the center line thereof.

2. A finding of the trial court that a track so built before the enactment of said ch. 255 was illegally *laid down*, is not sufficient to give the owner of land on the opposite side of the street a right to maintain condemnation proceedings under said act, since the track might, nevertheless, have become legally *established*, and thus be within the saving proviso contained in sec. 1 of the act.

3. The fact that when the track was built the street was not restored to its former condition of usefulness, or that the track has since been used in an unlawful manner, is immaterial upon the question of the right to maintain condemnation proceedings.

4. If the lot-owners on the side of the street on which the track is laid make no objection, the lot-owners on the opposite side cannot object for them that the right to lay the track was never acquired by condemnation proceedings.

5. A railroad company had deeds purporting to convey to it two blocks on the side of the street upon which its track was laid, and had been in actual adverse possession under said deeds for more than ten years. In condemnation proceedings instituted by lot-owners on the opposite side of the street the petitioners made affidavit that in their opinion the grantors in said deeds never owned said blocks and that the deeds were obtained by the company fraudulently for the purpose of acquiring color of title. *Held,* that such affidavits proved nothing against the company's title.

6. Subd. 5, sec. 11, ch. 119, Laws of 1872 (providing that a railroad company should have power to construct its road across, along, or upon any street or highway which the route of its road should intersect or touch), gave the company authority to lay the track in question in a street in Milwaukee, and after the track was so laid such authority was not taken away by subd. 48, sec. 3, subch. IV, ch. 184, Laws of 1874, giving to the common council the power "to direct and control the location of railroad tracks" within the city.

7. An order of the board of public works of Milwaukee, requiring a railroad company, on twenty-five days' notice, to tear up a part of its track, which would prevent it from running trains to its general depot and continuously over its lines beyond such depot, as it had done without objection or interruption for eighteen years, is beyond the authority of said board.

APPEAL from the Circuit Court for *Milwaukee* County.

In the latter part of 1872, the Northwestern Union Railway Company laid the tracks of its railroad along Beach street

Sinnott vs. The Chicago & Northwestern R. Co.

in the city of Milwaukee, and that company and its succes-
sor in interest, the *Chicago & Northwestern Railway Com-
pany*, have ever since operated such railroad over and upon
such tracks. Beach street runs north and south, and the
tracks are all laid east of the center of the street. Blocks
84 and 85 abut Beach street on the west side, and directly
opposite thereto blocks 110 and 111 abut it on the east side
thereof. No effectual proceedings have ever been had to
condemn the land taken by the railway company for such
tracks in the street between such blocks.

In the fall of 1890 certain owners in severalty of lots in
blocks 84 and 85 joined in a petition to the circuit court
for the appointment of commissioners to appraise the dam-
ages to their respective lots, caused by the construction and
operation of such railroad along Beach street. After a
hearing of the matter, the circuit court made an order
granting the petition, and appointing three commissioners
to make such appraisal. The *Chicago & Northwestern Rail-
way Company* appeals from such order. Since the appeal was
taken, the appellant has purchased the lots of all the peti-
tioners which are affected by this proceeding, except that
of the petitioner *Thomas Sinnott*, and the proceeding has
been dismissed by stipulation as to all of them except *Sin-
nott*, who is now the only respondent to the appeal.

For the appellant there was a brief by *Winkler, Fland-
ers, Smith, Bottum & Vilas*, and oral argument by *F. C.
Winkler*.

*N. S. Murphey*, for the respondent, contended, *inter alia*,
that independently of ch. 255, Laws of 1889, the petitioners
had the right to institute the proceedings. In the case of
any physical injury to property abutting on a highway, as
by casting cinders upon it, polluting the air with smoke
and gases, or by vibrations communicated through the soil
to an extent which would be actionable if the property was
not a street, a recovery may be had. Lewis, Em. Dom.

secs. 115, 152; *So. Car. R. Co. v. Steiner*, 44 Ga. 546; *A. & N. R. Co. v. Garside*, 10 Kan. 552; *Crosby v. O. & R. R. Co.* 10 Bush, 288; *E., L. & B. S. R. Co. v. Combs*, id. 382; *J., M. & I. R. Co. v. Esterle*, 13 id. 667; *Randle v. Pacific R. Co.* 65 Mo. 325; *Parrot v. C., H. & D. R. Co.* 3 Ohio St. 330; *S. C.* 10 id. 624; *G., C. & S. F. R. Co. v. Eddins*, 29 Alb. L. J. 518; *S. C.* 60 Tex. 656; *O. & N. P. R. Co. v. Janecek*, 30 Neb. 276. The right to pure air is property, and to interfere with the right for public use is to take property. Lewis, Em. Dom. secs. 122, 123, 152; Wood, Nuis. ch. 13, 14; *B. & P. R. Co. v. Fifth Bap. Church*, 108 U. S. 317; *Penn. R. Co. v. Angel*, 41 N. J. Eq. 316; *Coggswell v. N. Y., N. H. & H. R. Co.* 103 N. Y. 10; *Abendroth v. M. R. Co.* 122 id. 1; *Caro v. M. E. R. Co.* 46 N. Y. Super. Ct. 138; Ray, Neg. of Imp. Duties, 7–9, 180; *Adams v. C., B. & N. R. Co.* 39 Minn. 286; *G. C. & S. F. R. Co. v. Fuller*, 63 Tex. 467; *N. W. F. Co. v. Hyde Park*, 70 Ill. 634; *S. C.* 97 U. S. 659; *Barnett v. Johnson*, 15 N. J. Eq. 481–7; *Garrett v. State*, 49 N. J. Law, 94; *Sullivan v. Royer*, 72 Cal. 248; *Snyder v. Cabell*, 29 W. Va. 48; *Story v. N. Y. E. R. Co.* 90 N. Y. 122; *In re N. Y. Elevated R. Co.* 70 id. 327–361; *In re Kings Co. Elevated R. Co.* 82 id. 95. The case of *Heiss v. M. & L. W. R. Co.* 69 Wis. 555, is against the great weight of authority, and should be overruled. A similar rule has first been held and afterwards overruled in seven states. See *Carson v. Central R. Co.* 35 Cal. 325; *So. Pac. R. Co. v. Reed*, 41 id. 256; *Schulte v. N. P. T. Co.* 50 id. 592; *Ford v. S. C. R. Co.* 59 id. 290; *S., A. & G. R. Co. v. Shiels*, 33 Ga. 601; *Roll v. Augusta*, 34 id. 326; *So. Car. R. Co. v. Steiner*, 44 Ga. 546–560; *Moses v. P., Ft. W. & C. R. Co.* 21 Ill. 516; *C., B. & Q. R. Co. v. McGinnis*, 79 id. 269; *I., B. & W. R. Co. v. Hartley*, 67 id. 439; *Kucheman & H. v. C., C. & D. R. Co.* 46 Iowa, 366; *N. & A. R. Co. v. Garside*, 10 Kan. 552; *C. B. U. P. R. Co. v. Twine*, 23 id. 585; *C. B. U. P. R. Co. v. Andrews*, 26 id. 702; *S. C.* 30 id. 590;

*E., L. & B. S. R. Co. v. Combs,* 10 Bush, 382; *J., M. & I. R. Co. v. Esterle,* 13 id. 667; *Laviosa v. C., St. L. & N. O. R. Co.* 1 McGloin, 299. In eight states, and in the supreme court of the United States, the contrary doctrine has always been held. See *Schurmeier v. St. P. & P. R. Co.* 10 Minn. 82, 105; *Carli v. Union Depot, S. R. & T. Co.* 32 id. 101; *B. & M. R. R. Co. v. Reinhackle,* 15 Neb. 279; *O. & N. P. R. Co. v. Janecek,* 30 id. 276; *Story v. N. Y. E. R. Co.* 90 N. Y. 122; *Mahady v. Bushwick R. Co.* 91 id. 148; *In re East River B. & C. I. S. T. Co.* 26 Hun, 490; Lewis, Em. Dom. sec. 115, note; *Dever v. Bayer,* 7 Col. 113; *V. & T. R. Co. v. Lynch,* 13 Nev. 92; *Parrot v. V. C., H. & D. R. Co.* 3 Ohio St. 330; *Railroad Co. v. Hambleton,* 40 id. 496; *M. & E. R. Co. v. Newark,* 10 N. J. Eq. 352; *N. Y. Elevated R. Co. v. Fifth Nat. Bank,* 135 U. S. 432; *G., C. & S. F. R. Co. v. Fuller,* 63 Tex. 467.

LYON, J. The lot of the respondent all lies west of the center line of Beach street, and the railroad tracks were laid down and remain east of that line. Hence none of the respondent's land has been taken by the railroad company. Before the enactment of ch. 255, Laws of 1889, he could not have maintained condemnation proceedings in respect thereto. Such was the settled law of this state down to the time of such enactment. *Heiss v. M. & L. W. R. Co.* 69 Wis. 555, and cases cited; *Trustees v. M. & L. W. R. Co.* 77 Wis. 158; *Smith v. Eau Claire,* 78 Wis. 457. The rule of these cases has been ably criticised, and its soundness denied, by the learned counsel for the respondent, and he has cited numerous cases which he claims show that the tendency of the later adjudications are against the rule. A similar argument was unsuccessfully made, and many of the same cases cited, in *Smith v. Eau Claire, supra.* We adhere to what was there said on the subject (78 Wis. 460), and it is unnecessary to repeat the

discussion here.   This proceeding, therefore, cannot be up-
held unless it is authorized by ch. 255, Laws of 1889 (sec.
1296a, S. & B. Ann. Stats.).

Briefly stated, ch. 255 enacts that the owner of real es-
tate on a street shall have a common right to the free and
uninterrupted use of the street to its full width, and that
no municipality or other corporation shall close up, use, or
obstruct it so as to materially interfere with its usefulness
as a highway or damage property abutting thereon on
either side, without making due compensation therefor to
the owners of the property thus damaged.   These provis-
ions are made subject to the following proviso: " *Provided,*
however, that this act shall not be so construed as to re-
quire the payment of damages to property on both sides
of any street, highway, or alley, arising from the con-
tinued use, maintenance, and operation hereafter of any
railroad track or tracks, or other public improvement, here-
tofore legally laid down, built, or established in any such
street, highway, or alley."

In order to determine whether this case is within the
statute, the controlling question is, Were the railroad tracks
complained of "legally laid down, built, or established" in
Beach street before ch. 255 was enacted?   If they were,
this condemnation proceeding cannot be maintained.   If
they were not, it may be maintained, and the order ap-
pealed from should, in such case, be affirmed.

It is alleged in the petition, in substance, and the circuit
court found and adjudged, that such tracks were laid down
(quoting from the order) "illegally and without any au-
thority of law on the part of said railway company, and
without any attempt to restore said street to its former
state or so that its usefulness should not be materially im-
paired; and that the same has been used by said railway
company, at all times since the same was laid down, for
the transportation of its cars and engines thereon, and for

switching and storing cars, and for general depot purposes, illegally and without any authority of law, and are now so illegally used by the said railway company without any authority of law for that purpose." The order appointing commissioners rests entirely upon the above findings. Manifestly, they are insufficient to uphold the order.

1. The facts that the railway company failed to restore the street, by reason of which its usefulness was materially impaired, and that the company used the streets for switching and storing cars, and for general depot purposes, without lawful authority, are quite immaterial. The company may be guilty of all these alleged unlawful acts and omissions, and still the tracks may have been "legally laid down, built, or established" in the street, which is sufficient to bring the case within the *proviso*, and thus exclude the respondent from the right to any relief under the statute.

2. The court only finds that the tracks were illegally *laid down*. This alone is not sufficient to give the respondent the right to maintain condemnation proceedings. The tracks may have been laid down in the street, in the first instance, without lawful authority, yet, if the railway company afterwards acquired legal right to maintain them there, they became thereby legally *established*, and this case is within the saving proviso of the statute. It will be observed that such proviso is in the disjunctive,—"legally laid down, built, *or* established."

But we think the tracks were legally laid down in Beach street. When they were laid, ch. 119, Laws of 1872, had been enacted and was in force. Sec. 11, subd. 5,[1] of that

[1] Laws of 1872, ch. 119, sec. 11, provides that every railroad corporation formed under that act shall have power: . . . "5th. To construct their road across, along, or upon any stream of water, watercourse, street, highway, plankroad, turnpike, or canal which the route of its road shall intersect or touch," etc.— REP.

act gave the railway company authority to lay these tracks, and we are not informed that the legislature has ever taken away such authority.    True, in 1874 the legislature, for the first time after the enactment of ch. 119, Laws of 1872, conferred on the common council of Milwaukee power " to direct and control the location of railroad tracks " within the city.    Laws of 1874, ch. 184.    But we do not suppose this law was intended to empower the council arbitrarily to compel a railroad company which had before the passage of the act built a railroad along a street of the city under legislative authority, to tear up its tracks, and thus be deprived of a continuous passage through the city, and perhaps from entering into it.    But, however that may be, it does not appear that the common council has ever attempted to interfere with the tracks in question.    It appears, however, that on September 30, 1890, the board of public works of that city ordered the appellant, " on or before October 25, 1890, to remove all of its said railroad tracks, cars, and engines permanently off from the said Beach street, as obstructions to the free and proper use of the said street by the public."    It is not necessary to examine very closely into the powers of that board to be able safely to say that an order which requires a railroad company, on twenty-five days' notice, to tear up a part of its track, and thus prevent it from running its trains to its general depot, and continuously over its lines of road beyond such depot, as it had done without objection or interruption for eighteen years, is beyond the authority of the board of public works.

3. It is further claimed that the tracks complained of were not lawfully laid down, neither have they been lawfully established, because, as it is alleged, the railway company never obtained the right from the owners of blocks 110 and 111, or by condemnation proceedings, to occupy the street abutting those blocks with such tracks.    The position is not well taken, for two reasons.    In the first

place, it is no concern of the respondent whether the company has acquired that right as against the owners of those blocks or not. It does not appear that those owners have made any objection to such occupancy, and the respondent cannot make the objection for them. In *Trustees v. M. & L. W. R. Co.* 77 Wis. 158, an ordinance of the city provided for laying the railroad track in the center of the street. It was laid entirely on one side of the center, and it was claimed for that reason the track was not legally laid. But the claim was negatived because the city had made no complaint. The ruling is in point here.

In the second place the railway company showed a *prima facie* title to blocks 110 and 111. It proved two deeds in due form, one executed by James Blake, and the other by Charles Howard, purporting to convey to the railway company both blocks. These deeds were executed and recorded in 1873 and 1875, respectively. The only attack made upon them is contained in an affidavit of three of the petitioners, in which each of them swears to his opinion that Blake and Howard never owned the blocks, and that the deeds were obtained by the railway company fraudulently, for the purpose of acquiring color of title, in order that it might avail itself of the ten-years statute of limitations. Without stopping to inquire what would be the legal effect of the facts, were they proven, which the affiants say they believe to be true, it is sufficient to say of these affidavits that they prove nothing. No fact or circumstance is stated in support of the opinions therein expressed, and they amount to nothing more than affidavits of the suspicions of the affiants. The deeds in question make good color of title in the railway company, and its actual and uninterrupted adverse possession under them for ten years establishes its right to maintain its tracks in the street as against any person claiming an interest in those blocks.

Our conclusion is that the court erred in granting the

order appointing commissioners. Such order must therefore be reversed, and the circuit court will dismiss the proceedings.

*By the Court.*— Ordered accordingly.

