IN RE CONDEMNATION OF LANDS: BLICK, Respondent, vs. OZAUKEE COUNTY, Appellant.

*February 6—March 6, 1923.*

*Eminent domain: Evidence as to value of land taken: Market price: Sales in same locality: Price paid in condemnation proceedings.*

1. In condemnation proceedings, evidence of the amount for which lands situated in the same locality were voluntarily sold, which sales were the result of ordinary business transactions, where not too remote in point of time, and where all the circumstances of the two situations are sufficiently similar in the judgment of the trial judge so that the comparison will aid the jury in solving the issue to be determined, is admissible.

2. The admission of evidence of the price paid in settlement of condemnation proceedings, or the price paid by the condemnor for similar land, even if proceedings had not been begun, where the purchaser has power to take by eminent domain, constitutes prejudicial error.

APPEAL from a judgment of the circuit court for Ozaukee county: C. M. DAVISON, Circuit Judge. *Reversed.*

Condemnation proceedings for highway purposes, instituted by the county board of Ozaukee county under and pursuant to secs. 1317m—6 *et seq.*, Stats. The petition was filed with the county judge. Plaintiff, being dissatisfied with the award of damages, appealed to the circuit court. There was a trial before a jury. A verdict was rendered for $1,350. From the judgment entered thereon the county appeals.

*Peter M. Huiras,* district attorney of Ozaukee county, and *Chas. J. Kunny* of Port Washington, of counsel, for the appellant.

*William F. Schanen* of Port Washington, attorney, and *W. T. Sullivan* of Milwaukee, of counsel, for the respondent.

Owen, J.    During the trial the plaintiff was permitted to prove the amount paid by the county to an adjacent property owner as compensation for the taking of a portion of his property for the construction of the same highway involved in these proceedings. The reception of this evidence is assigned as error.

It is settled in this state that in condemnation proceedings the amount for which lands similarly situated in the same locality have been sold, where the sales are not too remote in point of time and where all of the circumstances of the two situations are sufficiently similar in the judgment of the trial judge so that the comparison will aid the jury in solving the issue to be determined, the evidence may be admitted. This rule has been applied in this state only where the sales were voluntary and the result of an ordinary business transaction. *Watson v. M. & M. R. Co.* 57 Wis. 332, 15 N. W. 468; *Washburn v. M. & L. W. R. Co.* 59 Wis. 364, 18 N. W. 328; *Stolze v. Manitowoc T. Co.* 100 Wis. 208, 75 N. W. 987. This is also the prevailing rule in other jurisdictions. 2 Lewis, Em. Dom. (3d ed.) § 662. The great weight of authority, however, is to the effect that the price paid in settlement of condemnation proceedings, or the price paid by the condemnor for similar land, even if proceedings had not been begun, where the purchaser has the power to take by eminent domain, is not admissible. 10 Ruling Case Law, 221, 222; 20 Corp. Jur. 990; 22 Corp. Jur. 181. See, also, note to be found in 43 L. R. A. n. s. 985. The reason for excluding this evidence is thus stated in 2 Lewis, Em. Dom. (3d ed.) § 667:

"What the party condemning has paid for other property is incompetent. Such sales are not a fair criterion of value, for the reason that they are in the nature of a compromise. They are affected by an element which does not enter into similar transactions made in the ordinary course of business. The one party may force a sale at such a price as may be fixed by the tribunal appointed by law. In most cases the same party must have the particular property, even if it

Blick v. Ozaukee County, 180 Wis. 45.

costs more than its true value. The fear of one party or the other to take the risk of legal proceedings ordinarily results in the one party paying more or the other taking less than is considered to be the fair market value of the property. For these reasons such sales would not seem to be competent evidence of value in any case, whether in a proceeding by the same condemning party or otherwise."

Whether the compensation paid by the condemnor for other lands similarly situated may be received in evidence in condemnation proceedings has not heretofore been considered by this court. In *American States S. Co. v. M. N. R. Co.* 139 Wis. 199, 120 N. W. 844, such evidence offered by the condemnor was excluded by the trial court. This was held not to be error because the preliminary question of whether the two situations were sufficiently similar to afford aid to the jury in solving the issue to be determined was decided adversely by the trial judge. Whether, in any event, such evidence was competent was neither argued to nor considered by the court. That case, therefore, does not commit this court to the admissibility of such evidence, as contended by counsel for respondent. We are, accordingly, at liberty and are disposed to follow the great weight of authority and hold that such evidence is not admissible.

There is a manifest difference between a bargain where one party has the legal right to acquire and the other must sell and a bargain where both parties are in the exercise of their own free will. One party may pay a little more or the other may take a little less to avoid the annoyance and expense of litigation, and the agreement thus reached does not necessarily indicate the fair market value of the property taken as that term is understood in the law. The infirmity of this class of evidence is more marked where the element of consequential· damages forms a part of the compensation paid. That factor is as variable as the landscape and often includes intangible and æsthetic considerations. Situations legitimately comparable must of necessity be rare. Their

establishment or attempted establishment would introduce aggravating and time-consuming collateral issues tending to promote confusion rather than clarity. In the instant case the land actually taken was .7 of an acre. The land actually taken from the adjacent property owner was one acre. Under the most extravagant testimony its value did not exceed $400. At least the difference between that and the $1,000 paid represented consequential damages. The admission of the evidence as to the amount paid the adjacent property owner was not preceded by any proof of the similarity of the consequential damages sustained by plaintiff and the adjacent property owner, although there was a meager reference to it in the later testimony. However, with the recognition of such a rule, the subject could well have formed a stubborn issue upon which numerous witnesses could have been called by both parties, with distracting and unsatisfactory results. Such evidence, if admitted, in most cases would be remote, indirect, and unsatisfactory. We cannot sanction such an improvident rule.

The evidence was not only inadmissible but its admission constituted prejudicial error. The witnesses on the part of the county testified as to a number of specific items which contributed to plaintiff's total damages. The sum of these items was considerably less than $1,000, the amount paid the adjoining property owner. Assuming that there was a similarity in the damages sustained by plaintiff and the adjoining property owner, the fact that the county compromised with the adjoining property owner by paying him $1,000 was calculated to unjustly discredit the county's witnesses in the minds of the jury. That the plaintiff regarded this testimony as highly beneficial is indicated by the persistency of counsel in pressing its introduction after the court had once excluded it. Because of its admission there must be a new trial.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.