HURKMAN and others, Appellants, v. STATE, Respondent.

*August 31—September 29, 1964.*

636

For the appellants there was a brief and oral argument by *John E. Esler* of Kaukauna.

For the respondent the cause was argued by *A. J. Feifarek,* assistant attorney general, with whom on the brief were *George Thompson,* attorney general, and *A. W. Ponath,* corporation counsel of Outagamie county.

BEILFUSS, J.  Is there credible evidence to sustain the verdict?

The plaintiffs contend the evidence of comparable sales, offered by the defendant through its experts, will sustain the jury's after-taking value.

The defendant's position is that evidence of comparable sales was not offered either to support the appraisals of its experts or as direct evidence of value but for the limited purpose of adding weight to the experts' opinion.

While some jurisdictions receive evidence of comparable sales for the limited purposes of qualification of the expert witness and giving weight to his opinion, the majority, including Wisconsin, admit them for the additional purpose of being independent evidence of the value of the land in question.[1]

In this instance the defendant offered the evidence of comparable sales without qualification as to its purpose after the competency of the expert witnesses had been established. The evidence was received by the court without limitation over the objection of the plaintiffs.

As part of the instructions to the jury the trial judge included the instruction on comparable sales which appears in Wis J I—Civil, Part II, 8120:

"There has been received into evidence testimony as to other sales as an aid to the jury, if such it be, in determining the fair market value of the property under consideration.

"In determining the weight and effect that is to be given to such other sales, you will consider all of the elements of similarity in situation and time and also all the elements of dissimilarity and determine how far such sales go to establish what was the fair market value of the property in ques-

---

[1] 5 Nichols, Eminent Domain (3d ed.), pp. 408–410, sec. 21.1, and pp. 417–436, sec. 21.3 [1] ; *Bear v. Kenosha County* (1963), 22 Wis. (2d) 92, 100, 125 N. W. (2d) 375; *Smuda v. Milwaukee County* (1958), 3 Wis. (2d) 473, 477, 89 N. W. (2d) 186; *Blick v. Ozaukee County* (1923), 180 Wis. 45, 46, 192 N. W. 380.

tion on the date of taking. However, before such evidence on comparable sales may be considered by you, you must be satisfied that such sales, themselves, meet the test of fair market value, as that term has, heretofore, been defined for you.

"Similarity, as used in this instruction, does not mean identical. No two parcels of land are exactly the same. A parcel of land is said to be comparable to another when there is a fair resemblance between them with respect to size, actual or potential use, location, improvements, and general features and characteristics."

The Comment to this instruction provides:

"If evidence of comparable sales has been introduced for the purpose of qualifying an expert witness, this instruction should not be used. If such evidence is introduced as substantive evidence to establish value, then this instruction may be given.

"Smuda v. Milwaukee County, 3 Wis 2d 473, 477, 89 NW 2d 186 (1958); American States S Co v Milwaukee N R Co, 139 Wis 199, 120 NW 844 (1909); 5 Nicholson [sic] Eminent Domain (3d) § 21.3 (1952) (supp 1962); 1 Orgel on Valuation Under Eminent Domain (2d) § 138 (1953).

"As to *similarity,* see Stolze and wife v The Manitowoc Terminal Co, 100 Wis 208, 214, 75 NW 987 (1898); Washburn v Milwaukee & Lake Winnebago RR Co, 59 Wis 364, 377, 18 NW 328 (1884)."

It is clear that the trial court received the evidence of comparable sales as substantive evidence to establish the value of the land.

We take notice from the records of innumerable land-condemnation cases that opinions of ostensibly equally qualified experts as to values often vary to a substantial and irreconcilable degree. Considering the opinions of the experts alone, in these cases, can leave the jury with little rational basis for its ultimate findings. In these instances proper evidence of comparable sales can be of substantial

aid to the jury in the performance of its obligation to find the true value.

The problem is illustrated by the evidence in this case. One of the plaintiffs and their three experts testified to before-taking values of $245,000, $243,000, $210,000, and $245,000, respectively, as contrasted to the opinions of defendant's experts of $125,000 and $126,000.

The defendant offered in evidence these sales for the obvious purpose of establishing a lower before-taking value. The jury did find the before-taking value to be $135,000. If the jury considered the evidence of comparable sales in fixing upon a before-taking value, it probably considered the same evidence in determining the after-taking value. Under the evidence and instructions it had a right to do so.

The experts for the state were of the opinion that the after-taking value was equal to or exceeded the before-taking value because of the special benefits afforded to the land by reason of the improvement. Neither of these witnesses could give an after-taking value exclusive of special benefits.

The jury could, by reason of the testimony of Mr. Doerfler, infer that there were no special benefits or that they were minimal. If it did so and gave weight to the comparable sales its finding of an after-taking value was $85,500 is within the credible evidence of the case.

We, therefore, conclude that there was sufficient credible evidence in the record to sustain the finding of the jury. The answer of the jury in the verdict should be reinstated, order granting a new trial reversed, and judgment rendered for the plaintiffs upon the verdict.

. This opinion should not be construed as restating or otherwise affecting the rules regarding admission of sales of other land as independent evidence of the value of the land in question. We express no opinion as to whether the sales offered in this case meet those tests. The defendant, who successfully offered these sales without limitation, can-

not now be heard to claim that they were not in fact comparable sales or that they were to be used for a limited purpose.

*By the Court.*—Order reversed, and cause remanded with directions to reinstate the jury verdict and render judgment thereon for plaintiffs.