HIETPAS and wife, Appellants, v. STATE, Respondent.*

*August 31—September 29, 1964.*

* Motion for rehearing denied without costs, on November 24, 1964.

For the appellants there was a brief and oral argument by *Urban P. Van Susteren* of Appleton.

For the respondent the cause was argued by *A. J. Feifarek,* assistant attorney general, with whom on the brief were *George Thompson,* attorney general, and *A. W. Ponath,* corporation counsel of Outagamie county.

BEILFUSS, J. Three issues are presented on this appeal:

(1) Are benefits, if any, resulting to the Hietpas property by reason of the construction of the interchange general or special benefits?

(2) Was it prejudicial error to admit testimony of value for commercial use without showing a reasonable probability that zoning would be changed so as to permit that use?

(3) Was it prejudicial error to admit testimony concerning increase of value in properties constituting the quadrants of interchanges near Madison and Appleton because those areas were not comparable to Little Chute?

### *Special Benefits.*

One of the principal contentions of the plaintiffs is that the benefits occurring to land by virtue of the public improvements, if any, were not special but general benefits as a matter of law and therefore not an offset.

Pertinent portions of sec. 32.09, Stats. 1961, are as follows:

"RULES GOVERNING DETERMINATION OF JUST COMPENSATION. In all matters involving the determination of just compensation in eminent domain proceedings, the following rules shall be followed:

"(3) Special benefits accruing to the property and affecting its market value because of the planned public improvement shall be considered and used to offset the value of property taken or damages under sub. (6), but in no event shall such benefits be allowed in excess of damages described under sub. (6).

"(6) In the case of a partial taking, the compensation to be paid by the condemnor shall be determined by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after the date of evaluation, assuming the completion of the public improvement and giving effect, without allowance of offset for general benefits, and without restriction because of enumeration but without duplication [to enumerated items of damage], . . ."

Plaintiffs argue in this action as the landowners did in *Petkus v. State Highway Comm.,* ante, p. 643, 130 N. W. (2d) 253, that special benefits must be restricted to actual

physical improvements of the land as stated in *Washburn v. Milwaukee & Lake Winnebago R. R. Co.* (1884), 59 Wis. 364, 18 N. W. 328. In the *Petkus Case, supra,* we extended the definition of special benefits to include "enhanced value because of more advantageous adaptability for use." Special benefits accruing to land not taken in eminent-domain proceedings, which may be set off against damages if they enhance the market value immediately after taking of the land remaining, include physical improvements to the land, imminent adaptability of the land to a higher and better use from an economic standpoint because of proximity to the public improvement; and immediate adaptability by reason of proximity to the improvement to a use which was relatively remote in point of time before the taking, even though such use may have, to some degree, affected the market value of the land. *Petkus v. State Highway Comm., supra.*

Assuming the evidence presented on the question of special benefits to be otherwise admissible, we conclude the question of whether there was a special benefit and the extent thereof was for the jury and not a question of law as contended by the plaintiffs.

While the burden of proof as to damages in eminent domain rests upon the landowner,[1] we consider the existence of special benefits to be a matter of affirmative defense. As to such benefits the burden of proof is upon the condemnor.[2] The condemnor must show that the claimed special benefits are direct, immediate, and certain, both as to time and place; not remote or speculative.

In those cases where the question of special benefits is at issue, the form of verdict customarily used inquiring only as to the fair market value before and after the taking need not necessarily be changed to include a separate question on special benefits. We deem the burden of proof for this

---

[1] 29 C. J. S., Eminent Domain, pp. 1256, 1257, sec. 271, note 82.
[2] 29 C. J. S., Eminent Domain, p. 1067, sec. 184.

affirmative defense can be adequately covered in the court's instructions to the jury.

### Zoning Change.

The defendant was permitted over objection to offer proof of a possible zoning change to permit an anticipated higher use of land after taking assuming the completion of the public improvement. The witness, Mr. Jacques, testified that he assumed zoning changes would be made to accommodate a higher use of the land. We conclude the trial court erroneously overruled the objection.

A prospective use prohibited by zoning regulations may not be considered. However, if it can be shown that there is a reasonable probability that the zoning regulations will be changed in the immediate future to accommodate such use, the trier of the fact may consider the prospective use in its consideration of special benefits. 4 Nichols, Eminent Domain (3d ed.), p. 236, sec. 12.322; 1 Orgel, Valuation Under Eminent Domain (2d ed.), p. 167, sec. 34; Anno. 173 A. L. R. 265.

In order to lay a proper foundation for the admission of testimony showing special benefits by reason of changed use to land remaining after a taking, it is necessary for the party claiming the special benefit to show that zoning regulations governing the land in question presently permit the changed use or that a reasonable probability exists that zoning in the near future will accommodate such a use. A mere possibility, or an assumption on the part of the witness is not enough and must be rejected as being speculative.

### Evidence of Other Land Specially Benefited.

Over vigorous objection Mr. Sawtelle and Mr. Jacques were permitted to testify as to commercial development and

enormously increased market value to land adjacent to access points on no-access highways in the Madison and Appleton areas. The objection was upon the ground of remoteness, namely, there was no showing of similarity either geographically or economically with the area surrounding Little Chute. We conclude the objection was well taken and should have been sustained.

It might have been possible for the state to lay a statistical foundation, that is, to show that the interchanges studied were selected at random; that they included the whole range of municipal-growth pattern in the state; and that a statistical trend with sufficiently high confidence limits was observed or that a statistically valid correlation existed between the economic area studied and the observed increase in market values. Nothing of this nature was done here.

We have determined that the record reveals erroneous rulings on the evidence. As set forth in sec. 274.37, Stats. 1961, the judgment is not to be set aside nor a new trial ordered unless the errors were prejudicial.

Sec. 274.37, Stats., reads:

"JUDGMENTS; APPLICATION TO REVERSE OR SET ASIDE; NEW TRIAL; REVERSIBLE ERRORS. No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

The plaintiffs' real complaint is not that after-taking value was too high, but the before-taking value was too low. The evidence shows before-taking values ranging from $48,000 to $21,000 and after-taking values from $30,000 to

$21,000. The jury found the before-taking value to be $28,000 and the after-taking value to be $21,000. The improper testimony as to special benefits contemplating the completion of the improvement could not have affected the jury's determination of the before-taking value. The errors in admission of testimony were not prejudicial to the plaintiffs. The verdict is supported by credible evidence and a new trial should not be ordered.

*By the Court.*—Judgment affirmed.