KAMROWSKI and wife, Respondents, v. STATE (State Highway Commission), Appellant.

*November 2—December 22, 1967.*

For the appellant the cause was argued by *Albert Harriman,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondents there was a brief by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *Thomas H. Skemp.*

WILKIE, J.   The determinative issue raised on this appeal is whether the trial court committed prejudicial

error by excluding evidence as to prices on certain alleged comparable sales offered by the state.

Wisconsin's scenic easement law,[1] which is administered through the state's power of eminent domain, was recently declared constitutional by this court in *Kamrowski v. State*.[2] The earlier *Kamrowski* case held that public enjoyment of scenic beauty was a public use for which land could be "taken" via use of the scenic easement. It is constitutionally well established that when private property is taken for a public use just compensation must be paid.[3]

Wisconsin is the pioneer state in the establishment of a program of scenic easements. Having hurdled the constitutional barrier, the court is now presented with the first case which directly deals with "just compensation" in scenic-easement takings. The principal problem faced in scenic-easement cases, whether at the jurisdictional-offer, the condemnation-commission-award, or the jury-verdict level, appears to be the elusive question of placing a dollar amount as compensation for the "taking" of a portion of a landowner's property rights.

A scenic-easement taking is governed by the compensation rule applicable to partial takings.[4] The jury in this case set the fair market value of the plaintiffs' entire property at $39,000 before the scenic-easement restric-

---

[1] Sec. 15.60, Stats.

[2] (1966), 31 Wis. 2d 256, 142 N. W. 2d 793. The plaintiff in this earlier *Kamrowski* case, a relative of the present plaintiffs-respondents, owns property adjacent to the plaintiffs' in the instant case.

[3] U. S. Const. amend. V; *Chicago, B. & Q. R. R. v. Chicago* (1897), 166 U. S. 226, 241, 17 Sup. Ct. 581, 41 L. Ed. 979, applying the fourteenth amendment to state just compensation; Wis. Const. art. I, sec. 13.

[4] *See* sec. 32.09 (6), Stats., which states in part: "In the case of a partial taking, the compensation to be paid by the condemnor shall be determined by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after the date of evaluation, . . ."

tions were imposed, and $33,000 after. Thus, the court awarded damages of $6,000 to the plaintiff. No direct challenge is made on this appeal that the $6,000 figure is excessive or that it is not supported by credible evidence. Only a collateral attack on that figure is made by the defendant's claim of prejudicial error in the exclusion of evidence which ostensibly could have caused a lower verdict.

During the trial, the defendant called Otto Bollinger to testify on the state's behalf. Bollinger stated that he was a real estate broker and an appraiser. These were not full-time pursuits. In fact, Bollinger had been working forty hours a week as a hospital administrator for the last five years. He described the different kinds of land found on Kamrowski's farm. He then testified that in the process of evaluating the property he found and checked several allegedly comparable sales and on that basis had formed an opinion on the value of the Kamrowski farm before the taking. The court would not allow him to give that opinion, sustaining an objection on the ground of no foundation being laid. Bollinger then described three sales regarded by him as comparables.

The first sale described was that of Clifford and Caroline Fink to Gaylord Frie made in April, 1964. The Fink property was a 240-acre farm located on state trunk Highway 95, approximately eight miles from the Kamrowski farm. Some of the Fink land was comparable to Kamrowski's; however, Fink's farm buildings were not.

The second sale was that of Bernice Ewing to Milo Pelley made in December of 1961. This property was a 260-acre farm located approximately three miles from Kamrowski's farm. The proximity of the Ewing farm to any highway is not disclosed.

The third sale was that of John Loesel to Darwin Fetting in April of 1963. This property included 188 acres and is located on county Highway N about two miles north of Highway 35.

The trial court, ruling on objections, prohibited Bollinger from testifying as to the sale price of each of the properties. Thereupon, counsel for the defendant highway commission made an offer of proof in which he indicated that if Bollinger were allowed to so testify, he would give his opinion that the farm as a whole, before taking, was valued at $23,300, and the value after taking was $23,095. The offer stated he would support his opinion with three comparable sales, to wit: $18,000 on the Fink-to-Frie sale, $24,000 on the Loesel-to-Fetting sale, and $6,000 on the Ewing-to-Pelley sale.[5] At a later point in his testimony Bollinger was finally allowed to state his opinion as to the value of the Kamrowski farm, both before and after the taking.

The excluded evidence of the sale price of each alleged comparable sale was initially offered as direct proof of the value of the Kamrowski farm. The trial court concluded that the sales prices of these properties were inadmissible for the reason that the sales were not comparable because these farms had no residential capability, were on different type highways, and had no similar scenic views. On oral argument in this court, the appellant abandoned its claim that the trial court erred in its ruling on the inadmissibility of the evidence as far as being direct evidence of value was concerned. The appellant limits its contention on this appeal in effect to the proposition that the evidence was prejudicially excluded when offered for the purpose of qualifying its expert and showing the basis of his opinion.

In Wisconsin, evidence of comparable sales is admissible on two grounds, either as independent direct evidence of the value of the land in question, or indirectly,

[5] The state tried to introduce evidence concerning a sale from Haney to Kennebeck, which sale took place in June of 1961 and involved a two-acre parcel of land located along Highway 35. This sale was also held not to be comparable and any error in connection with that ruling was not preserved by proper offer of proof as to selling price.

for the more limited purpose of showing a basis for and giving weight to the opinion of value of an expert witness.[6]

The general rule regarding admission of comparable sales as direct evidence of value is more restrictive than the admissibility rule when the evidence is offered only to show a basis for the opinion of an expert witness. As stated in Nichols:

"A distinction must also be drawn relative to the foundation which must be laid for such evidence based upon whether the comparable sales data is used as support for an expert's opinion or as independent substantive evidence of value. Quite obviously, when evidence of the price for which similar property has been sold is offered as substantive proof of the value of the property under consideration, a foundation should be laid showing that the other property is sufficiently near that in question and that it is sufficiently like the property in question as to character, situation, usability and improvements to make it clear that the tracts are comparable in value. However, where evidence of sales of similar property is offered not as substantive proof of value, but merely in support of, and as background for, the opinion of an expert as to the value of the land in question, the requirement of such foundation is not so strict."[7]

The trial court exercised its discretion and allowed evidence of alleged comparable sales to be admitted as direct evidence of value in *Stolze v. Manitowoc Terminal Co.*[8] The court stated:

". . . Error is assigned because the court admitted testimony tending to prove the selling prices of other lands not similarly situated. From the very nature of the case, no two pieces of land can be exactly alike. If the similarity is near enough to afford some material assistance to the jury in determining the value of the land

---

[6] *Hurkman v. State* (1964), 24 Wis. 2d 634, 640, 130 N. W. 2d 244.

[7] 5 Nichols, *Eminent Domain* (3d ed.), p. 253, sec. 18.42 [1], citing *United States v. Johnson* (9th Cir. 1960), 285 Fed. 2d 35.

[8] (1898), 100 Wis. 208, 75 N. W. 987.

in controversy, then such selling prices would seem to be admissible. If, on the contrary, they are so dissimilar as to mislead or prejudice the jury, then they are inadmissible. *Pierce v. Boston*, 164 Mass. 92; *Lyman v. Boston*, 164 Mass. 99; *Patch v. Boston*, 146 Mass. 52. 'The limits within which evidence of such sales may be given are very much in the discretion of the trial court.' *Watson v. M. & M. R. Co.* 57 Wis. 332." [9]

The trial court also has discretion as to introduction of evidence concerning alleged comparable sales when such evidence is offered for the more limited purpose of showing a basis for an expert's opinion on value. [10]

Some evidence as to alleged comparable sales when offered even for this more limited purpose may confuse or mislead the jury to such a degree that the trial court should in its discretion refuse to admit the evidence even for that limited purpose, or set restrictions on its receipt. In such instances, as in the instant case, the danger of the prejudicial effect of letting in the price even for this purpose is so great that it cannot be corrected by proper instruction to the jury and the trial court must have discretion to keep the evidence out or to severely restrict the introduction of such evidence.

In *Bear v. Kenosha County* [11] and in *Weeden v. Beloit* [12] we found no abuse of discretion in the trial court's admission of evidence on alleged comparable sales offered for the limited purpose of providing a basis for an expert's opinion on value. Similarly, in the instant case we find no abuse of discretion on the part of the trial court in excluding, even for such purpose, the evidence of the prices on the properties that he correctly concluded were not comparable.

*By the Court.*—Judgment affirmed.

[9] *Id.* at page 214.

[10] *Weeden v. Beloit* (1966), 29 Wis. 2d 662, 668, footnote 9, 139 N. W. 2d 616.

[11] (1963), 22 Wis. 2d 92, 125 N. W. 2d 375.

[12] *Supra,* footnote 10.