KIRKPATRICK, Appellant, v. STATE (Department of Natural Resources), Respondent.*

*No. 270. Argued December 2, 1971.—Decided January 4, 1972.*
(Also reported in 192 N. W. 2d 856.)

* Motion for rehearing denied, without costs, on February 29, 1972.

For the appellant there were briefs by *Quarles, Herriott, Clemons, Teschner & Noelke,* attorneys, and *Maxwell H. Herriott* and *Wayne E. Babler, Jr.,* of counsel, all of Milwaukee, and oral argument by *Maxwell H. Herriott.*

For the respondent there was a brief and oral argument by *Richard J. Gould* of Green Bay.

HANLEY, J. Four issues are presented in this appeal:

(1) Was it error for the trial court to exclude proof of the amount paid by the state to the owner of other property which was part of the same project;

(2) Did the trial court err in not excluding the testimony of an appraiser called by the state, when a summary of his report was not given to appellant until shortly before the trial date;

(3) Should a new trial be granted because of an alleged failure to comply with secs. 270.21 and 270.22, Stats., relating to the recording of testimony and jury instructions; and

(4) Did the trial court err in instructing the jury on the burden of proof?

## *Evidence of other sales to the state.*

Prior to trial, appellant notified the court and opposing counsel of his intent to introduce evidence of a recent purchase by the state of approximately 36 acres of land within the Whitefish Bay State Park project from a Mr. Risney for $36,000. This sale was claimed

to be relevant as evidence of the value of comparable land and as an admission against interest. The state objected to its admission; and the trial court, basing its decision on *Blick v. Ozaukee County* (1923), 180 Wis. 45, 192 N. W. 380, held that evidence of sales of property subject to condemnation to the condemning authority is inadmissible. Appellant contends that this ruling was erroneous. In *Blick* this court noted that the great weight of authority was to the effect that prices paid for other lands by the condemnor in settlement of condemnation proceedings should not be admitted into evidence. The reason for this rule was expressed by the court as follows, at pages 47 and 48:

"There is a manifest difference between a bargain where one party has the legal right to acquire and the other must sell and a bargain where both parties are in the exercise of their own free will. One party may pay a little more or the other may take a little less to avoid the annoyance and expense of litigation, and the agreement thus reached does not necessarily indicate the fair market value of the property taken as that term is understood in the law. The infirmity of this class of evidence is more marked where the element of consequential damages forms a part of the compensation paid. That factor is as variable as the landscape and often includes intangible and aesthetic considerations. Situations legitimately comparable must of necessity be rare. Their establishment or attempted establishment would introduce aggravating and time-consuming collateral issues tending to promote confusion rather than clarity. . . ."

Appellant contends that the holding in *Blick* that such evidence was inadmissible is merely *obiter dicta*. A cursory reading of the *Blick Case* reveals that this contention is erroneous. Appellant further contends that subsequent cases have impliedly overruled *Blick,* citing *Weeden v. Beloit* (1966), 29 Wis. 2d 662, 139 N. W. 2d 616, and *Bear v. Kenosha County* (1963), 22 Wis. 2d 92, 125 N. W. 2d 375, for the proposition that evidence of comparable sales is admissible. That rule has never been

questioned and was even recognized in *Blick*. The problem with evidence of sales of other land to the condemning authority is that the price may very well not be the fair market value of land, no matter how comparable the land may be in its physical aspects. This is so merely because the price is not determined by an arms-length transaction, but rather by dealings between one who must buy and another who has no choice but to sell.

Appellant directs the attention of this court to a number of decisions from other jurisdictions which hold that such evidence is admissible as pertaining to value of comparable property. We think the better rule is to exclude such evidence. The rule in *Blick* is followed by the majority of jurisdictions. *See:* Annot. (1962), 85 A. L. R. 2d 110, 163, sec. 10[a]; 27 Am. Jur. 2d, *Eminent Domain,* pp. 336, 337, sec. 430; 32 C. J. S., *Evidence,* p. 746, sec. 593 (3) (f). Moreover, the reasoning behind the rule is still sound. As stated in 4 Nichols, *Eminent Domain, Settlements,* pp. 12–142 to 12–144, sec. 12.3113[2]:

"The reasoning which forbids consideration of forced sales also renders it incompetent for either party to put in evidence the amount paid by the condemnor to the owners of neighboring lands taken at the same time, and as part of the same proceedings, however similar they may be to that in controversy (irrespective of whether the payment was made as the result of a voluntary settlement, an award, or the verdict of a jury). The rights of an owner to recover just compensation for the taking of his land are not to be measured by the generosity, necessity, estimated advantage, or fear or dislike of litigation which may have induced others to part with the title to their real estate, or to relinquish claims for damages by reason of injuries thereto. It would be equally unwise, unjust and impolitic to make it impossible for a condemnor which has taken land by eminent domain to compromise the claims of one owner without furnishing evidence against itself in all similar claims. If a sale is made to a condemnor that is about to institute proceedings if it cannot acquire the land by purchase at a satisfactory price, the amount paid is not a fair test of market value. . . ."

Finally, appellant contends that the rule of *Blick* is arbitrary and violative of the fourteenth amendment to the United States Constitution. He cites *Schlesinger v. Wisconsin* (1926), 270 U. S. 230, 46 Sup. Ct. 260, 70 L. Ed. 557, to support his theory. That case held unconstitutional a Wisconsin statute which created a conclusive presumption that gifts made within six years of death were made in contemplation of death for inheritance tax purposes. The statute was found to create an arbitrary classification which conflicted with the fourteenth amendment. Appellant asserts that the conclusive presumption created by *Blick* is also an arbitrary classification, denying him of due process of law and of equal protection of the laws. It has been shown, however, that sound reasoning underlies the rule in the *Blick Case,* and that the classification is therefore not arbitrary. Furthermore, *Blick* does not prevent the admission of all evidence pertaining to value; the only evidence excluded is that of sales of other property to the condemnor. Appellant was afforded both due process and equal protection. We conclude, therefore, that the evidence of the Risney sale was properly excluded.

*Admission of testimony of state's appraiser.*

By letter dated December 11, 1969, and addressed to all counsel in the case, the trial court ordered the parties to exchange documents and data pursuant to sec. 32.09 (8), Stats. No date was specified for this exchange. On March 18, 1970, the reports of two of appellant's appraisers were mailed to counsel for the state, with the information that a third appraiser might yet be used. The state, for its part, sent appellant the appraisals of two of its experts and advised appellant that a third appraisal existed but that it had not been decided whether to use that appraisal. No further reports were exchanged until May 15, 1970, when the state delivered

to appellant the third report—the appraisal prepared by Michael Barnard. Trial was set for May 19, 1970, and Barnard was called as a witness for the state on May 21, 1970. The admission of his testimony was objected to by appellant on the grounds that the state had violated the pretrial order of the judge and that appellant had insufficient time to prepare for the testimony of the expert. Appellant contends that the admission of Barnard's testimony was error and that he is, therefore, entitled to a new trial.

The facts herein are strikingly similar to those in *Fredrickson v. Louisville Ladder Co.* (1971), 52 Wis. 2d 776, 191 N. W. 2d 193. In that case a pretrial order directing the exchange of names of expert witnesses was violated by defense counsel who did not reveal that he had an expert witness until the morning the trial commenced. The trial court found that whatever prejudice suffered by the plaintiff by virtue of the late disclosure was substantially alleviated by permitting the expert's deposition to be taken during trial. This court affirmed on the basis that plaintiff had failed to show that the prejudice outweighed the probative value of the testimony.

In the instant case, appellant received the Barnard report on May 15, 1971; Barnard was not called as a witness until May 21. Therefore, appellant had over five days in which to examine the report and to do research on the qualifications of the witness. Presumably any discrepancies in Barnard's appraisal could have been discovered in that period of time. Appellant has failed to show how he was prejudiced in this case. We think the admission of the testimony was proper.

*Alleged failure to record testimony and instructions.*

Appellant contends that the verdict must be set aside for noncompliance with secs. 270.21 and 270.22, Stats.

The pertinent provisions of these statutes read as follows:

"270.21 **Charge to jury; how given.** The judge shall charge the jury and all such and subsequent instructions shall, unless a written charge be waived by counsel at the commencement of the trial be reduced to writing before being delivered or the same shall be taken down by the official reporter of the court. . . . If any judge shall violate any of the foregoing provisions or make any comments to the jury upon the law or facts without the same being so reduced to writing or taken down, the verdict shall be set aside or the judgment rendered thereon reversed unless at the time of submission to the jury there was no jury issue upon the evidence. The reporter shall take down all that the judge says during the trial to the jury or in their presence of or concerning such cause. . . ."

"270.22 **Charge to jury filed.** As soon as any charge has been given to the jury it shall be placed and remain on file among the papers of the case. When delivered orally the reporter shall immediately transcribe the same in longhand and file it, without special compensation therefor."

It is contended that these statutory provisions were violated because appellant was unable to obtain a copy of the instructions given to the jury until October 6, 1970, when the transcript of trial proceedings was finally completed and certified by the clerk. It is unfortunate that so much time elapsed between the conclusion of trial and the completion of the transcript. However, the record shows that the jury instructions, and all other proceedings at trial, were transcribed by the reporter. The statutes have not been violated. Furthermore, the record discloses that copies of the charge were, in fact, given to appellant's counsel and counsel for the state.

In his reply brief, appellant also alleges that no record was made of any comments by the trial judge while on the view of the land in question. However, the judge told the jury, prior to going on the view, that what they saw of the property was not to be considered evidence.

Counsel was given the opportunity to call the judge's attention to important aspects of the property; and the judge would then explain it to the jury. The reporter accompanied the judge, jury and counsel on the view and was available to transcribe whatever comments the parties thought were important for the record, but evidently neither appellant nor counsel for the state saw the need to utilize the reporter's services. Clearly, the failure to make a record of the view under these circumstances cannot be considered error or violative of the statutes.

### *Instructions on burden of proof.*

The jury was charged that appellant had the burden of proving just compensation. Appellant contends that the burden of proving just compensation should be placed on the state in condemnation cases, since it is the state's duty to pay just compensation. In *Hietpas v. State* (1964), 24 Wis. 2d 650, 656, 130 N. W. 2d 248, this court held that the burden of proof in eminent domain proceedings on the question of damages rests upon the landowner.

Appellant claims that the instructions relating to the quantum of evidence needed to satisfy the burden of proof imposed an unreasonable burden upon him, equivalent to requiring him to prove the value of the property beyond a reasonable doubt. The judge's instruction reads as follows:

"The burden of proof as to both questions of this special verdict is upon the plaintiff. By burden of proof is meant the duty resting upon the party having the affirmative of an issue to satisfy or convince the minds of the jury to a reasonable certainty by a fair preponderance of the evidence of the truth of the contentions of that party. By the preponderance of the evidence is meant the evidence which possesses the greater weight or convincing power. But it is not enough that the evi-

dence of the party upon whom the burden of proof rests is of slightly greater weight or convincing power. It must go further and satisfy or convince the minds of the jury to a reasonable certainty before the burden of proof is met."

This instruction is substantially identical to Wis J I— Civil, Part I, 200A, which defines the ordinary burden of proof. The instruction was proper and can in no way be construed as establishing a higher-than-ordinary burden of proof.

Appellant's final contention is that the instructions on severance damages was improper as placing too great an emphasis on the loss of access to one area of appellant's land, without mentioning the severance of a different, separate parcel. A reading of the instructions convinces this court that the emphasis, if any, was not undue. We also note that the appellant did not object to the instruction as given, either at trial or upon motions after verdict. Failure to object constitutes a waiver of the objection. *Jansen v. Vils* (1967), 34 Wis. 2d 332, 337, 149 N. W. 2d 551.

We conclude that the judgments appealed from must be affirmed.

*By the Court.*—Judgments affirmed.