SHIRLEY S. ABRAHAMSON, C.J.
¶ 63. (concurring.)
I agree with the majority opinion that the circuit court did not err in granting the Department of Transportation's motion to exclude evidence of the property's alleged diminution in value resulting from the relocation of 118th Avenue.
¶ 64. I further agree with the majority opinion that this case does not present, and the court does not *63 decide, the following questions: whether the LLC suffered a diminution in property value from the relocation of 118th Avenue, whether the LLC's loss of direct access to 118th Avenue is compensable in some action unrelated to the damages award at issue in the present case, and whether the LLC's remaining access to 118th Avenue is reasonable as a matter of fact or law.
¶ 65. The majority opinion assumes without deciding that temporary limited easements (TLEs) fall within Wis. Stat. § 32.09(6g). The majority opinion does not resolve the issue even though the Department is certain to frequently confront the question whether TLEs are compensable under Wis. Stat. § 32.09(6g) and what the proper compensation is for the taking of a TLE.[1]
¶ 66. The majority opinion recites the tools for statutory interpretation but does not apply them to decide whether TLEs are compensable under Wis. Stat. § 32.09(6g). It merely assumes that § 32.09(6g) applies.
¶ 67. This court is developing the bad habit of assuming applicable legal principles without deciding the legal issues that are presented and briefed.[2] This *64 habit "has the unfortunate effect of ducking [] vital issue[s] that should be decided,"[3] "fails to provide adequate guidance to litigants, the circuit courts, and the court of appeals,"[4] and flouts this court's "ultimate responsibility for development of the law."[5]
¶ 68. I turn to the text of Wis. Stat. § 32.09.
¶ 69. This section sets forth rules for the determination of just compensation. Various subsections describe just compensation in terms of fair market value, which is calculated differently under varying circumstances. Subsection (6g) of Wis. Stat. § 32.09 explicitly governs just compensation for "the taking of an easement." It provides as follows:
In the case of the taking of an easement, the compensation to be paid by the condemnor shall be determined by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after *65 the date of evaluation, assuming the completion of the public improvement and giving effect, without allowance of offset for general benefits, and without restriction because of enumeration but without duplication, to the items of loss or damage to the property enumerated in sub. (6)(a) to (g) where shown to exist.
(Emphasis added).
¶ 70. A temporary limited easement (TLE) is, of course, an easement.[6] The text of § 32.09(6g) does not distinguish between permanent and temporary easements.
¶ 71. That Wis. Stat. § 32.09(6g) governs TLEs is supported not only by the statutory text but also by the broader statutory context. No other statute governs just compensation for the taking of a TLE or any other particular kind of easement. On the contrary, Wis. Stat. § 32.09 appears to govern the determination of just compensation for all takings by eminent domain.[7] It explicitly covers the determination of just compensation for "total" takings (Wis. Stat. § 32.09(5)), "partial" takings (Wis. Stat. § 32.09(6)), and, of course, takings of an easement (Wis. Stat. § 32.09(6g)). Thus, the plain reading of § 32.09(6g) is that it applies to TLEs.
¶ 72. Although the majority opinion assumes without deciding that Wis. Stat. § 32.09(6g) applies in the present case involving the taking of a TLE, it expresses qualms. Lengthy footnote 12 of the majority opinion explains why the text of Wis. Stat. § 32.09(6g) "causes us [the majority] to pause when considering whether that statutory subsection is designed to apply to temporary limited easements in the first instance."
*66 ¶ 73. Footnote 12 of the majority opinion offers various reasons why Wis. Stat. § 32.09(6g) might not apply to TLEs. Most importantly, the "before and after" fair market value rule for calculating damages for the taking of an easement does not fit valuation of a TLE.
¶ 74. The "before and after" fair market value rule determines "compensation... by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after the date of evaluation . . .." Wis. Stat. § 32.09(6g). Generally, valuing a permanent easement using this calculation makes sense, but the calculation does not necessarily make sense when the taking is of a TLE.
¶ 75. TLEs present significant valuation problems for just compensation.[8] Fair market value is ordinarily established by comparable sales. Yet there is generally no market for TLEs.[9] In addition, TLEs are partial interests in terms of both space and duration.[10] According to a leading text, the valuation of a TLE "depends on the nature of the taking."[11]
¶ 76. New jurisdictions employ the "before and after" fair market value calculation to determine just compensation for TLEs because its application would produce unreasonable results. An important tool of statutory interpretation is that "[wjords are given meaning to avoid absurd, unreasonable, or implausible *67 results . . . ."[12] Thus, the text of Wis. Stat. § 32.09(6g) should be interpreted reasonably, to avoid absurd or unreasonable results.[13]
¶ 77. The leading text on eminent domain sets forth the following methods used to determine just compensation for the taking of TLEs:
• Fair and reasonable rental value of the land subject to the easement;
• Loss of use;
• Diminution of the rental value of the property adjacent to the temporary easement;
• Diminution of the rental value of the property as a whole;
• Diminution of the fair market value of the property during the period of the taking; and
• Fair rate of return.[14]
¶ 78. "The most widely accepted measure of compensation for the taking of a temporary easement appears to be the rental value of the property taken."[15] "Overall, the opinions of the United States Supreme Court support compensation for temporary takings based on the fair market rental value."[16] The rental *68 value is the measure of compensation that was used in the instant case. I conclude a reasonable reading of Wis. Stat. § 32.09(6g) permits this method of valuation when the taking is of a TLE.
¶ 79. The majority opinion's assumption that the statute applies, alongside its assertion that the statute seems inapplicable to TLEs, engenders confusion. I would prefer this court address head-on the question of whether and how Wis. Stat. § 32.09(6g) applies to TLEs.
¶ 80. Another point of confusion raised by the majority opinion is the refrain that "no property was taken" (majority op., ¶¶ 44, 53, 56). The instant case does, in my opinion (and apparently in most of the court's opinion), involve a taking, the cornerstone of condemnation proceedings giving rise to a claim for compensation.[17] Thus, if Wis. Stat. § 32.09(6g) does not apply, the property owner must still receive just compensation for the taking under the United States and Wisconsin Constitutions.[18] In determining just compensation for the taking of TLEs, I wonder whether it makes any difference whether Wis. Stat. § 32.09(6g) or constitutional principles of just compensation apply.
¶ 81. In sum, footnote 12 supports the conclusion that Wis. Stat. § 32.09(6g) does not apply to TLEs in a decision that contradictorily assumes (without deciding) that the statute does apply. This inconsistency in the opinion engenders unnecessary confusion.
*69 ¶ 82. The damages the parties agreed upon subject to review in this court reflect the rental value of the TLE. The result of the majority opinion is that the rental value is upheld as just compensation in the present case. I agree with that result.
¶ 83. For the reasons set forth, I write separately.

 Wis. Department of Transportation, Facilities Dev. Manual, Temporary Limited Easements, ch. 12 § 1-15.5, available at http://roadwaystandards.dot.wi.gov/standards/fdm/1201. pdf# fdl2-l (last visited Dec. 4, 2014). See also majority op., ¶ 10 n.8 ("This project involved the taking of more than 50 temporary limited easements and more than one dozen permanent easements ....").

 See, e.g., State v. Tate, 2014 WI 89, ¶¶ 59-60, 357 Wis. 2d 172, 849 N.W.2d 798 (Abrahamson, C.J., dissenting) ("This court owes it to law enforcement, lawyers, litigants, circuit courts, the court of appeals, and the public at large to provide clarity about when a search has occurred .... Rather than dance around the issue of whether government access to cell phone location data *64 in the instant cases is a search within the meaning of the Constitutions, I propose that the court address it head-on."); State v. Subdiaz-Osorio, 2014 WI 87, ¶ 159, 357 Wis. 2d 41, 849 N.W.2d 748 (Abrahamson, C.J., dissenting) ("Neither the Tate majority opinion nor Justice Prosser's lead opinion in Subdiaz -Osorio decides whether the government access in question constituted a search within the meaning of the United States and Wisconsin Constitutions. Both opinions assume that a search occurred."); State v. Nelson, 2014 WI 70, ¶¶ 63-64, 355 Wis. 2d 722, 849 N.W.2d 317 (Abrahamson, C.J., dissenting) ("The majority opinion assumes that the circuit court erred when it refused to allow the defendant to tell her side of the story.... I would hold that the circuit court erred.").

 State v. Rocha-Mayo, 2014 WI 57, ¶ 100, 355 Wis. 2d 85, 848 N.W.2d 832 (Prosser, J., dissenting).

 State v. Magett, 2014 WI 67, ¶ 96, 355 Wis. 2d 617, 850 N.W.2d 42 (Abrahamson, C.J., dissenting).

 State ex rel. Swan v. Elections Bd., 133 Wis. 2d 87, 108, 394 N.W.2d 732 (1986).

 See generally 9 Nichols on Eminent Domain ch. G32 (3d ed. 2014).

 Wisconsin Stat. § 32.09 is titled "Rules governing determination of just compensation."

 W.H. Pugh Coal Co. v. State, 157 Wis. 2d 620, 631, 460 N.W.2d 787 (1990).

 9 Nichols on Eminent Domain, ch. G32, § G32.08[1][a] (3d ed. 2014).

 Id, § G32.08[7],

 Id, § G32.08[l][a],

 Force ex rel. Welcenbach v. Am. Family Mut. Ins. Co., 2014 WI 82, ¶ 30, 356 Wis. 2d 582, 850 N.W.2d 886.

 See id., ¶ 30.

 9 Nichols on Eminent Domain, ch. G32, § G32.08[1][e] (3d ed. 2014).

 Id., § G32.08[2][a],

 Id., § G32.03[7]. See also W. H. Pugh Coal Co., 157 Wis. 2d at 631 ("With a temporary taking, 'the proper measure of compensation is the rental [value] that probably could have *68 been obtained,' in other words, 'the reasonable value of the property's use.'" (Citations omitted.)).

 More-Way N. Corp. v. State Highway Comm'n, 44 Wis. 2d 165, 169, 170 N.W.2d 749 (1969).

 U.S. Const. amend. V ("[N]or shall private property be taken for public use, without just compensation."); Wis. Const, art. I, § 13 ("The property of no person shall be taken for public use without just compensation therefor.").